# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE, ET AL. v. FLORENCE E. HARRELL

**Chancery Court for Union County**
**No. 2836**

**FILED SEPTEMBER 9, 2002**

**No. E2001-01710-COA-R3-CV**

---

**OPINION ON PETITION TO REHEAR**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

We are presented with the petition of the State of Tennessee for a re-hearing of this case. Although we invited counsel for Ms. Harrell to respond to this petition our invitation was declined.

It is asserted by the State that our holding is contrary to the case of *Varney v. Louise*, an unreported opinion of this Court filed in Nashville on November 21, 2001. This case was unavailable when the State filed its brief and was, therefore, not cited therein.

In *Varney* the father and mother were divorced in August of 1993 and custody of their children was awarded to the mother. In August of 1999 the trial court awarded sole temporary custody to the father; however, the mother was not ordered to pay any child support. In December of 1999 the father filed a motion for child support from the mother. In August of 2000 the trial court ordered that custody of the children be returned to the mother; however, it did not address the father's motion for child support. The father appealed the trial court's failure to award him retroactive child support for the time he had custody of the children.

Addressing the fact that the mother was never ordered to pay child support for the time the father had custody of the children, the Court in *Varney* noted that every parent is obligated to support his or her children during their minority and that this obligation to provide support exists even without an order. Accordingly, the Court remanded the case to the trial court for a determination of the mother's obligation to pay child support. In so doing the Court did not indicate that the award of support should be retroactive only to the date of the father's motion for support. Rather, the Court's recognition of every parent's obligation to support his or her child from minority even without a court order clearly indicates the propriety of awarding support retroactive to the time the father was granted custody.

For the foregoing reasons the petition to re-hear is granted and our previous opinion is vacated. The order of the Chancery Court is likewise vacated and the case is remanded for calculation of child support owed by Ms. Harrell retroactive to December 1, 1995, the date of the divorce decree granting Mr. Harrell custody of the parties' children, such calculation to be made in accordance with the Tennessee Child Support Guidelines.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

.